

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00410-CR

Patricia Ann **HAINES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 15-1337-CR-C
Honorable William Old, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Karen Angelini, Justice
    Luz Elena D. Chapa, Justice
    Irene Rios, Justice

Delivered and Filed:  April 26, 2017

AFFIRMED

Patricia Ann Haines appeals the trial court's order placing her on deferred adjudication. Her sole issue is that the trial court erred by denying her motion to suppress. She contends she was unlawfully detained for a traffic stop during which the detaining officer discovered drugs in her possession. We affirm the trial court's order.

## BACKGROUND

David Camacho, an investigator with the Guadalupe County Sheriff's Office, was driving in a patrol car and observed Haines stop her truck in a crosswalk. Camacho activated the lights on

his patrol car to initiate a traffic stop. During the traffic stop, Camacho asked Haines for her driver's license and proof of insurance, where she was coming from, and if she had ever been arrested before. Haines told Camacho she previously had been arrested for possessing over 200 grams of methamphetamine. Haines told Officer Camacho she had a pink bag of methamphetamine in the pocket of the driver-side door.

A grand jury indicted Haines for possessing a controlled substance, with intent to deliver, in an amount of one gram or more but less than four grams. Haines filed a motion to suppress, and the trial court held a hearing on the motion. At the suppression hearing, Haines sought to suppress the drugs and her statements on the ground that the officer did not have reasonable suspicion to stop her. Camacho testified he was able to see the front driver-side tire of Haines's truck was entirely "in front of the white line." He also testified his dash camera was mounted on the passenger side of his patrol car, and he was able to see more than the dash camera.

The trial court admitted a video recording from the dash camera on Camacho's patrol car. The video recording shows the dash camera is mounted on the passenger side of the patrol car. The video recording does not show whether the front tires of Haines's truck were in front of the white line. The trial court denied Haines's motion and made findings of fact and conclusions of law. The trial court found that based on Camacho's testimony, his traffic stop was justified because he observed Haines commit a traffic offense.

Haines thereafter entered an open plea of guilty. The trial court signed an order of deferred adjudication and placed Haines on community supervision for ten years. Haines timely filed a notice of appeal.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We review a trial court's

conclusions of law de novo. *Id.* at 328. If a trial court's fact findings are supported by the record or are based on evaluation of witness credibility and demeanor, we should afford them almost total deference. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). "The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). "If the trial judge makes express findings of fact, we view the evidence in the light most favorable to his ruling and determine whether the evidence supports these factual findings." *Id.*

## REASONABLE SUSPICION

"An officer may make a warrantless traffic stop if the 'reasonable suspicion' standard is satisfied." *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2016). "Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Id.* (internal quotation marks omitted). A driver who is required to stop engages in criminal activity by failing to stop "before entering the crosswalk on the near side of an intersection." TEX. TRANSP. CODE ANN. § 544.010(c) (West 2011); *see id.* § 542.301 (providing traffic offenses are misdemeanor criminal offenses).

Haines's sole argument is that "[t]he trial court erred in denying the motion to suppress, because it cannot be determined from the video whether [her] vehicle failed to stop at a designated point." She contends the State failed to "sustain its burden of proof that a traffic violation for failure to stop at a designated point occurred." However, Camacho testified he personally observed the front driver-side tire of Haines's truck reach completely inside the crosswalk. The video recording shows Haines's truck stopped on the near side of the intersection when the light was red. The evidence shows Camacho observed that Haines was required to stop, but she failed to stop before entering the crosswalk on the near side of the intersection. Thus, the evidence supports a finding

that Camacho was aware of facts from which he could reasonably infer Haines had engaged in criminal activity. *See id.* §§ 542.301, 544.010(c).

The video recording does not show whether Haines stopped before entering the crosswalk. But Camacho testified the dash camera is mounted on the passenger side of his patrol car and he could see more from the driver side of his patrol car. The trial court is the sole trier of fact and judge of the credibility of Camacho's testimony that he was able to observe more than what the dash camera recorded. *See Valtierra*, 310 S.W.3d at 447. Because the record supports a finding that Camacho had reasonable suspicion to initiate the traffic stop, we hold the trial court properly denied Haines's motion to suppress.

### CONCLUSION

We affirm the trial court's order of deferred adjudication.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH